UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE LANDINGS YACHT, GOLF
AND TENNIS CLUB, INC.,

    Plaintiff,

v.                                                Case No.:  2:22-cv-459-SPC-NPM

SWISS RE CORPORATE
SOLUTIONS AMERICA
INSURANCE CORPORATION and
PELEUS INSURANCE
COMPANY,

    Defendants.

                                            /

## OPINION AND ORDER[1]

Before the Court is Defendants' Swiss Re Corporate Solutions America Insurance Corporation's ("Swiss") and Peleus Insurance Company's ("Peleus") (collectively "Insurance Companies") Motion for Judgment on the Pleadings (Doc. 22) and Plaintiff The Landings Yacht, Golf, and Tennis Club, Inc.'s ("Landings") response in opposition (Doc. 23).  The Motion is ripe for review.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This is a breach of contract dispute about insurance policy coverage. In 2019, two insurance companies—Peleus and North American Capacity Insurance Company ("NAC")—issued an insurance policy ("Policy") to Landings. The Policy covered funds transfer fraud. In 2021, two unauthorized withdrawals occurred. First, four unauthorized users took money from Landings' bank account ("Account"). Second, unauthorized users, through a payroll company ("Paychex"), requested and received money from the Account. Landings alleges that Paychex purported to act on behalf of and impersonated Landings.

Landings sought Policy coverage for the unauthorized withdrawals. The Insurance Companies denied. As a result, Landings sued for breach of contract. Now, the Insurance Companies seek judgment on the pleadings arguing that Landings includes an improper party (Swiss) and fails to state a claim upon which relief can be granted because it fails to plead funds transfer fraud under the Policy.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."

*Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). To decide whether judgment is appropriate, courts generally accept all material facts alleged by the non-moving party as true and view them most favorable to the nonmoving party. *Id.*

A party may move for judgment on the pleadings because of a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2); *Abaza v. Publix Supermarkets, Inc.*, No. 8:16-cv-386-T-23TBM, 2016 WL 3126731, at *1 (M.D. Fla. June 3, 2016). Such a motion is "governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

The Court will first address Swiss' argument that it is not a proper party to the action and then turn to whether the allegations are sufficient.

**A. Swiss Should not be a Party.**

Swiss argues the Amended Complaint improperly lists Swiss as a Defendant. Only NAC and Peleus issued Landings' Policy. Swiss did not issue the Policy. In rebuttal, Landings does not argue Swiss is the proper party. Instead, Landings asserts that NAC is not an active entity in Florida, and it should not be required to "navigate a very confusing web of corporate parents, subsidiaries, and affiliates, and determine who is who[.]" Landings cites no legal authority to support this proposition.

As the party asserting the claim, Landings is required to name the proper parties to the action. See *Eller v. Ben Tzer Yul*, No. 4:06-CV028, 2006 WL 3734162, at *2 (N.D. Ga. Dec. 14, 2006). Swiss says it is not the proper party and Landings has failed to convince the Court it is. Landings' rebuttal that there is a confusing web of corporations does not prevail. Landings cites no legal authority for its apparent assumption that, in the event of a confusing corporate web, it need not plead the proper party. And Swiss represents it told Landings the proper party to sue. Whether Landings is required to conduct a simple Google search to locate a party, as seems to be the case with NAC, or if it had to navigate a more confusing web of entities, Landings must conduct this inquiry—not the Court nor the parties it sues. If Landings has some legal authority to argue otherwise, it should have provided it to the Court, which it has not. See *Chavez v. Sec'y, Florida Dep't of Corr.*, 647 F.3d 1057, 1061 (11th

4

Cir. 2011) (internal quotes omitted) (" . . . judges are not like pigs, hunting for truffles buried in briefs [.]"). So, even accepting all material facts alleged by Landings as true and viewing them in the light most favorable to Landings, Landings does not state a claim upon which relief can be granted as to Swiss because Swiss is not a proper party. The Court thus grants Defendants' Motion for Judgment on the Pleadings to the extent that it dismisses the case against Swiss.

Landings asserts, with no legal support, that piecemeal judgments such as this are inappropriate.[2] Landings is incorrect. Fed. R. Civ. P. 54(b) permits partial judgments in some cases. The Court conducts a two-part analysis to determine whether to grant such a judgment: (1) if the judgment is both "final" and a "judgment"; and (2) if there is no "just reason for delay" in certifying it as final. *Lloyd Noland Found, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777-78 (11th Cir. 2007). Both elements are present here. Dismissing Swiss with prejudice equates to a judgment. Because Swiss should not have been a party in the first place, the Court finds no just reason for delay in certifying the judgment. Judgment for Swiss is appropriate.

### B. The Amended Complaint States a Claim for Breach of Contract.

---

[2] The only case Landings cites to, *Affordable Aerial Photography, Inc. v. Abdelsayed*, Case No. 21-81331, 2022 WL 1124795, at *4 (S.D. Fla. Apr. 15, 2022), does not support Landings' position on the judgement at issue as to Swiss. That case discusses partial judgments for parts of a claim. Here, granting Swiss' Motion would not equate to a partial judgment for an element of a claim, but would be a complete and final judgment of all claims against Swiss.

The Insurance Companies allege Landings' Amended Complaint fails to state facts that, if taken as true and in the light most favorable to Landings, show a funds transfer fraud covered by the Policy occurred. The Court disagrees. The Court begins by discussing the policy language. The Court then reviews the sufficiency of the allegations for the first and second set of withdrawals.

When "a policy provision is clear and unambiguous, it should be enforced according to its terms." *Garcia v. Fed. Ins.*, 969 So. 2d 288, 291 (Fla. 2007) (citation omitted). Under the Policy's specific coverage provision, there must have been fraudulent instructions to transfer money from Landings' Account. Coverage exists only if the "instruction purports to have been transmitted [or issued] by the Insured and impersonates [the Insured] or [its] vendors, business partners, or clients[.]" (Doc. 22 at 7). Where relevant, the "Insured" is defined as Landings or a subsidiary. (Doc. 19 at 41). With the Policy language in mind, the Court discusses the allegations.

The allegations about the first set of withdrawals are sufficient. Landings alleges the unauthorized users directed withdrawals from the Account and "purported to be" Landings. The Complaint further says four unauthorized users during a specific period stole an identified sum from the Account. At this stage, this is enough.

The allegations about the second set of withdrawals are also sufficient. Like with the first set of withdrawals, Landings alleges that additional unauthorized users, via Paychex, made unauthorized requests for withdrawals. Contrary to the Insurance Companies' arguments, Landings alleges that Paychex impersonated one of its vendors. The Complaint sufficiently alleges that Paychex " . . . impersonate[d] [Landings'] vendors, business partners, or clients[.]"

While the Insurance Companies argue Landings' allegations are legal conclusions, the Court finds they are factual allegations the Court must accept under the 12(c) standard and view in the light most favorable to Landings.[3] *E.g., Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015). At this stage, detailed pleadings are not required, and Landings need not state its claim with particularity. *E.g.*, *Iqbal,* 556 U.S. at 678.

One final note. This Court has previously, in another case, warned Landings about carefully following the typographic requirements in our local rules. M.D. Fla. R. 1.08. Once again, Landings fails to adhere to the Court's instruction. Any future filings that do not explicitly conform to the local rules will be stricken.

---

[3] Although the Insurance Companies ask the Court to strike, in the alternative, all the allegations relating to the Paychex withdrawals, it does not provide any support, and the Court does not see any basis, to strike such allegations. Accordingly, the Court does not address this any further.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion for Judgment on the Pleadings (Doc. 22) is **GRANTED in part**. Plaintiff's claims as to Defendant Swiss Re Corporate Solutions America Insurance Corporation are **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to enter judgment for Swiss and against Landings as to Landings' claims against Swiss and terminate Swiss from the docket.

3. The remainder of Defendants' Motion for Judgment on the Pleadings (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 21, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record